**United States District Court**
**Central District of California**

**UNITED STATES OF AMERICA vs.**          **CR-09-219-R**
Defendant **VINIE GULLEY**               S.Sec.# -------5552

Residence:      N/A                Mailing: SAME

---

**JUDGMENT AND PROBATION/COMMITMENT ORDER**

---

In the presence of the attorney for the government, the defendant appeared in person, on: October 5, 2009
                            Month / Day / Year

COUNSEL:
        However, the court advised defendant of right to counsel and asked if defendant desired to have counsel appointed by the Court and the defendant thereupon waived assistance of counsel.
    XX   WITH COUNSEL Kim Savo, appointed

_X_ PLEA:
    XX   GUILTY, and the Court being satisfied that there is a factual basis for the plea.
    ___  NOLO CONTENDERE          ___ NOT GUILTY

FINDING:
    There being a finding of ___ GUILTY, defendant has been convicted as charged of the offense(s) of: Opening mail by postal employee in violation of Title 18 USC 1703(a) as charged in count 7 of the indictment; Theft of mail matter by postal employee in violation of Title 18 USC 1709 as charged in count 8 of the indictment.

JUDGMENT AND PROBATION/COMMITMENT ORDER:
    The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgement of the court that defendant:

    IS PLACED ON PROBATION for a term of five (5) years on each of counts 7 and 8 of the indictment, concurrently, under the following terms and conditions: defendant shall 1) serve ninety (90) days in the custody of the Bureau of Prisons in a jail-type facility, to be served on consecutive weekends, commencing on October 23, 2009 at 5:00 p.m., and continuing until October 25, 2009 at 5:00 p.m., which will represent two days or one weekend, and continuing on every weekend thereafter, from Friday at 5:00 p.m. until Sunday at 5:00 p.m., in the custody of the Bureau of Prisons in a jail-type facility, until the 90 days of consecutive weekend incarceration has been completed; 2) shall comply with the rules and regulations of the U.S. Probation Office and General Order 318; 3) shall during the period of probation pay the special assessment, fine, and restitution in accordance with this judgment's orders pertaining to such payment; 4) shall apply monies in excess of $500.00 received from income tax refunds to the outstanding court-ordered financial obligation, and in addition shall apply all monies received from lottery winnings, inheritance, judgments and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation; 5) shall refrain from any unlawful use

-- GO TO PAGE TWO --                                      WH
                                                     Deputy Clerk

===================================================================
**JUDGMENT AND PROBATION/COMMITMENT ORDER**
===================================================================

of a controlled substance, and shall submit to 1 drug test within 15 days of release from imprisonment and at least 2 periodic drug tests thereafter, not to exceed 8 tests per month, as directed by the Probation Officer; 6) shall abstain from using alcohol during the period of probation; 7) shall regularly attend Gambler's Anonymous meetings, as directed by the Probation Officer, and shall not gamble during the period of probation; 8) shall perform twenty-five (2500) hours of community service, as directed by the Probation Officer; 9) shall report in person to the Court every 120 days, as directed by the Probation Officer; 10) shall cooperate in the collection of a DNA sample from the defendant.

   IT IS FURTHER ORDERED that defendant pay a special assessment of $200.00, which is due immediately.

   IT IS FURTHER ORDERED that the defendant pay restitution in the total amount of $10,585.00, to be paid as follows: to victim M.C. in the amount of $300.00, to victim GJ,Inc. in the amount of 4,885.00; to victim B.P. in the amount of $5,400.00.  If the defendant makes a partial payment, each payee shall receive approximately proportional payment; restitution shall be paid in monthly installments of at least $1,000.00 during the term of probation; these payments shall begin 30 days after completion of her term of 90 days of weekend incarceration on consecutive weekends.

   IT IS FURTHER ORDERED that the defendant pay a total fine to the United States of $30,000.00, to bear interest as provided by law.  The fine shall be paid as directed by the Probation Officer, but once the restitution is paid in full, payments shall be made in monthly installments of at least $1,000.00.

   IT IS FURTHER ORDERED that all remaining counts are dismissed as to this defendant.

   IT IS FURTHER ORDERED that the bond of the defendant shall be exonerated upon her completion of the 90 days of weekend incarceration in a jail-type facility in the custody of the Bureau of Prisons on consecutive weekends.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release set out on the reverse side of this judgment be imposed.  the Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

Signed by:  District Judge _____
                             **MANUEL L. REAL**

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

                                        Terry Nafisi, Clerk of Court

Dated/Filed October 5, 2009         By        /S/
            Month / Day / Year          William Horrell, Deputy Clerk

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed.  The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, <u>for felony cases only</u>: not possess a firearm, destructive device, or any other dangerous weapon.

☐   The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

**STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS**

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
    Private victims (individual and corporate),
    Providers of compensation to private victims,
    The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

**SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE**

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

---

**RETURN**

I have executed the within Judgment and Commitment as follows:

| | | | |
|---|---|---|---|
| Defendant delivered on | | to | |
| Defendant noted on appeal on | | | |
| Defendant released on | | | |
| Mandate issued on | | | |
| Defendant's appeal determined on | | | |
| Defendant delivered on | | to | |
| at | the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment. | | |

United States Marshal

By

_____          _____
Date                                              Deputy Marshal


**CERTIFICATE**

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By

_____          _____
Filed Date                                       Deputy Clerk

---

**FOR U.S. PROBATION OFFICE USE ONLY**

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____          _____
           Defendant                                          Date


_____          _____
U. S. Probation Officer/Designated Witness          Date